UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-548-S

DR. MARK LYNN & ASSOCIATES PLLC, et al.                                    PLAINTIFFS

V.

VISION SERVICE PLAN INSURANCE
COMPANY, et al.                                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the motion of Dr. Mark Lynn & Associates PLLC ("Lynn Associates"), for temporary injunction to prohibit Vision Service Plan Insurance Company ("VSP") from actions that violate the Kentucky "Willing Provider" statute, KRS § 304.17C-020-050.

I.

VSP offers, administers and underwrites vision care insurance plans. It contracts with businesses to provide primary vision care coverage for their employees. VSP contracts directly with private practice optometrists, such as Lynn Associates, to provide vision care services for VSP insureds. It is licensed in Kentucky as a health insurer. Lynn Associates operates a large number of optometric offices known as "Dr. Bizer's Vision World." Lynn Associates and VSP entered into a "Member Doctor Agreement" by which Lynn Associates agreed to provide services to patients covered by VSP plans under certain conditions. Among other things, the agreement requires that Dr. Mark Lynn maintain ownership and complete control of his

optometric practice.  At its various offices, Lynn Associates provides vision care to between 400 and 600 VSP insured patients per week.

Lynn Associates has a business arrangement with Eye Care Centers of America ("ECCA") under which ECCA is effectively the business manager for its optometric practice. Lynn Associates has introduced testimony and evidence that Dr. Lynn retains ultimate control over the operations and retains ownership of the practice and related facilities.

This particular dispute came to a head on January 21, 2005, when VSP advised Lynn Associates that it was asserting its right to terminate its contract with Lynn Associates based on its conclusion that his business practice "does not comport with VSP's preferred business model."  The arguments of VSP counsel suggest that this is the reason for the proposed termination.

Lynn Associates then filed this lawsuit claiming that Kentucky law prohibits removal of a vision-care provider from an insurers network except for reasons "reasonably related to services provided."  The case was assigned to Judge Charles R. Simpson, who is out of the country.  In his absence, Judge Thomas Russell handled some preliminary matters.  After a hearing on its motion for a temporary restraining order on September 29, 2005, Judge Russell entered a restraining order prohibiting VSP from carrying out the termination of Lynn Associates for the reasons stated.

II.

Preliminary injunctive relief should be granted if Plaintiffs show (1) that they are likely to succeed on the merits, (2) that they will suffer immediate and irreparable harm in the absence of preliminary relief; (3) that the harm that would accrue to Plaintiffs in the absence of

preliminary relief would outweigh the harm that would accrue to Defendant if preliminary relief were granted, and (4) that interim relief would not disserve the public interest. *In re DeLorean Motor Co.*, 755 F.2d 1223 (6th Cir. 2000).

Lynn Associates has convinced the Court that VSP's proposed action terminating him from its membership panel does violate KRS § 304.17C-020 and 050. Contrary to VSP's argument, the "Willing Provider" statute is a valid and constitutional exercise of the state's legislative powers. *Kentucky Ass'n of Health Plans v. Miller,* 538 U.S. 329 (2003). The statute also clearly applies to VSP, which is both a health insurer and a Limited Health Service Organization as each is defined in the statute.

The "Willing Provider" statute states that health insurers offering insurance coverage in Kentucky must not discriminate against any health care provider willing to meet its terms and conditions. The insurer may "establish relevant, objective standards . . . for providers to continue as participating provider in the plan [and] standards shall be reasonably related to services provided." The Court concludes that generally insurers may adopt standards and conditions related to the quality of care, the charges for care and the availability of care. Here, the evidence establishes thus far that VSP terminated Lynn Associates because its business model was contrary to that preferred by VSP. However, VSP has not cited any objective standards related to the quality or nature of care which provide a basis for termination under the statute. Whether Lynn Associates has violated its agreement with VSP is not the issue. Rather, the question is whether VSP has acted pursuant to an objective criteria related to health care. The Court concludes that the form of business operation, as applied here, is not an objective standard "related to services" as required in the statute. Moreover, the evidence is persuasive

3

that Dr. Lynn does retain ownership and control of all operations.

Lynn Associates has a right to the benefits of statutory compliance. Injunctive relief is an appropriate remedy where one clearly threatens to violate the provisions of a state statute. Here, VSP has stated its intention to act in a way which this Court determines is clearly contrary to the language and intent of the Kentucky "Willing Provider" statute. Where such a clear violation is evident, injunctive relief is appropriate. Moreover without the injunction, Lynn Associates would probably lose a majority of its patients. It will be difficult, if not impossible, to calculate his monetary damages.

Allowing the preliminary injunction results in no harm other than preventing VSP from enforcing its contractual provisions. However, the conditions that VSP seeks to apply here violate Kentucky law. Therefore, the harm is virtually non-existent compared to the damage and illegality it seems to avoid.

Finally, the injunction serves public interest by requiring compliance with a valid application of a statute that the Kentucky legislature has passed. Consequently, Lynn Associates has met all the requirements for a preliminary injunction under Kentucky law.

VSP has indicated its intention to introduce additional evidence which it believes will demonstrate to the Court that its reasons for terminating Lynn Associates do not violate Kentucky law. VSP is entitled to a period of discovery and a trial on the merits before the Court were to make this order final and appealable. As this case was originally assigned to the docket of Judge Charles R. Simpson III, the Court will allow him to set the litigation plan upon his return.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that VSP is enjoined, directly or indirectly, whether acting alone or in concert with others (including, but not limited to any officer, employee, agent or other representative), from terminating Lynn Associates from the membership panel; VSP is further enjoined from imposing any conditions upon Lynn Associates' examination or treatment of VSP patients, submission of charges or seeking of reimbursement that are more stringent than whatever conditions the VSP rules and regulations impose on all other similarly-situated VSP providers; and VSP is enjoined from refusing to credential professionals on the Lynn Associates' staff, except for valid reasons. This injunction shall remain in place until further order of this Court.

IT IS FURTHER ORDERED that bond shall continue in the amount of $25,000.00, on personal signature of Dr. Mark Lynn or his company, as required by Fed.R.Civ.P. 65(c), which it deems an amount proper to cover such costs and damages as may be incurred or suffered by VSP if VSP is found to have been wrongfully enjoined or restrained.

cc:   Counsel of Record